# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DAVID PARRACK; and )
REBECCA PARRACK, )
                                                        )
                Plaintiffs,             )
vs.                                                 )      Case No.  08-CV-421-TCK-SAJ
                                                      )
BLACK AND DECKER (U.S.), INC., )
                                                      )
                Defendant.        )

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Dismiss (Doc. 21), wherein Plaintiffs seek to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

## I.  Background

This case arises out of a fire that occurred at the home of David and Rebecca Parrack ("Plaintiffs") on June 10, 2006. Plaintiffs filed suit on May 1, 2008, alleging that a Dustbuster manufactured by Defendant Black & Decker (U.S.), Inc. ("Black & Decker") was defective and caused the fire.

Plaintiffs now seek to dismiss this action without prejudice due to the illness of their son. Plaintiffs represent that "they no longer want to proceed with this matter at this time because of the medical issues that they are experiencing with their son." (Mot. to Dismiss 2.) Black & Decker objects to dismissal without prejudice and instead seeks a ruling on its Motion for Summary Judgment, which was filed one hour after Plaintiff's Motion to Dismiss was submitted to the Court.[1]

---

[1] Black & Decker states that it was in the process of finalizing its Motion for Summary Judgment when it received notification of Plaintiff's Motion to Dismiss.

**II.	Discussion**

"Rule 41(a)(2) requires a court to review a motion by a plaintiff to dismiss a complaint if the action has proceeded beyond service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal." *County of Santa Fe, N.M. v. Public Serv. Co.*, 311 F.3d 1031, 1049 (10th Cir. 2002). "The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (quotation omitted). When considering a motion to dismiss pursuant to Rule 41(a)(2), "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* (quotation omitted). Absent legal prejudice to the defendant, the district court should normally grant such a dismissal. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

"Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point of dismissing a case without prejudice." *Id.* (internal citations omitted). Rather, "prejudice is a function of other, practical factors" including: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation. *Id.*; s*ee also Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357-58 (10th Cir. 1996); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). The factors are not exclusive, and a court must also consider any factors that are unique to the context of the case. *County of Santa Fe, N.M.*, 311 F.3d at 1048. Ultimately, the district court should endeavor to "insure substantial justice" to both parties and should "consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

After consideration of these factors, the Court finds dismissal without prejudice will not cause Black & Decker to suffer legal prejudice. First, a review of the parties' briefing indicates that although Black & Decker has necessarily expended some effort and expense in this matter, it is not such that Black & Decker would be greatly prejudiced if Plaintiffs' motion were granted. Specifically, it appears that Black & Decker investigated the fire before Plaintiffs filed suit and has procured two expert reports during the course of this litigation. The findings from the investigation and the expert reports would undoubtedly remain relevant should Plaintiffs decide to re-file this action. Further, there has been minimal discovery conducted in this case, and no depositions have been held, counseling against a finding of legal prejudice.

Further, the Court finds that Plaintiffs have provided a sufficient explanation for their need for a dismissal – namely, their desire to attend to their son's medical needs. With regard to any excessive delay or lack of diligence on the part of Plaintiffs, the Court notes that Plaintiffs knew of their son's medical condition three months prior to filing their Motion to Dismiss. The Court does not find this three-month window to constitute "excessive delay" or demonstrate a "lack of diligence," however. It is understandable that a certain amount of time was necessary to assess their son's medical condition and determine whether such condition would inhibit Plaintiffs' ability to litigate this matter. Absent other evidence showing that Plaintiffs acted in bad faith or purposefully delayed the filing of their Motion to Dismiss for some sort of strategic gain, which has not been presented, the Court finds this factor weighs in favor of granting Plaintiffs' Motion to Dismiss.

Finally, the present stage of litigation does not favor dismissal as strongly as the previous factors given Black & Decker's pending summary judgment motion. *See Phillips USA, Inc.*, 77 F.3d at 358 (affirming district court's denial of motion to dismiss without prejudice and noting that

district court relied heavily on fact that defendant filed a motion for summary judgment). However, the presence of a summary judgment motion is not dispositive. *See Brown*, 413 F.3d at 1124-25 (holding district court did not abuse its discretion in granting motion for dismissal without prejudice even though defendant had filed a motion for summary judgment). In looking at the particular circumstances of this case, the Court finds it inequitable to penalize Plaintiffs for Black & Decker's Motion for Summary Judgment given that Black & Decker's motion was made *subsequent* to the filing of Plaintiffs' Motion to Dismiss.

Therefore, taking theses factors as a whole, dismissal without prejudice is proper in this case, and Plaintiffs' Motion to Dismiss (Doc. 21) is granted. However, in consideration of the equities facing Black & Decker, the Court orders that all discovery conducted in this case shall be fully applicable in any subsequent action filed by Plaintiffs against Black & Decker. Further, if this action is refiled, Plaintiffs are ordered to reimburse Black & Decker for any duplicative costs or fees that are shown to have been incurred by Black & Decker as a result of the refiling. *See U.S. ex rel Stone v. Rockwell Intern. Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) (noting that a court may condition dismissal without prejudice "upon such terms and conditions as the court deems proper").

**ORDERED this 1st day of April, 2009.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

4